FRANK A. HENSHAW ET AL.

v.

FREDERICK R. WILSON.

*Agency—Sale of Real Estate.*

In an action brought to recover money alleged to have been received by defendants as agents for plaintiff for the sale of real estate, this court holds, in view of the giving of certain erroneous instructions in his behalf, that the judgment in his favor can not stand.

[Opinion filed November 14, 1892.]

APPEAL from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding.

Messrs. C. C. BONNEY and KERR & BARR, for appellants.

Messrs. THORNTON & CHANCELLOR, for appellee.

MR. JUSTICE GARY. The appellee was plaintiff below,

Henshaw v. Wilson.

suing the appellants for money which he alleged they had received as his agents for the sale of real estate. It is agreed by the parties that though there is a special count in the declaration, yet in effect the action is for money had and received.

It is not clear upon the evidence that more than $750 came to the hands of the appellants, nor that a sale which they did make for $11,000 was not for a purchaser from Wilson at $10,000, and with his assent.

The facts are that they did for him make a contract to sell some Indiana lands for $10,000, with which contract he was satisfied. The purchaser deposited $100, but was unable to "come to time" with the residue. The time was extended several times under circumstances which entitle the appellants to insist that the appellee assented.

At last another purchaser took the place of the first in the contract with Wilson, paying, however, besides what the contract called for, $1,000, which appellants and the first purchaser seem to have divided between themselves. The circumstances entitle the appellants to insist that this transaction was also with the assent of Wilson; $250 which the appellants had as commissions from Wilson, and this $1,000, of which it is not clear that the appellants ever saw more than $500, make up the verdict he has obtained, upon, among others, this instruction:

"The court instructs you that the principal is bound by the acts of his agent, so long as the agent acts within the scope of his authority, and because of the power thus given an agent, the law imposes upon the agent perfect fairness, honesty and fidelity in the business of his principal; and if you find, from the evidence in this case, that the defendants, or either of them, as the agents of Mr. Wilson, deceived him, and induced him to accept $10,000 for his farm, when, at the same time, he could secure for him $11,000 therefor (if you believe, from the evidence, that such was the case), then the court instructs you that the defendants did not act with such honesty, fairness and fidelity as the law required.

"And if you further believe from the evidence that said

defendants did actually sell said farm for $11,000, but accounted to said Wilson for only $10,000, the court instructs you that the plaintiff is entitled to recover from the defendants the said $1,000, the difference between said $10,000 and said $11,000.

"And if you find from the evidence that said Place and Henshaw, the defendants, were the agents of the plaintiff, and sold his farm for $11,000, but reported that they received only $10,000, and induced the plaintiff to accept $10,000, then said defendants did not act honestly and fairly and with fidelity to the plaintiff, and they were not entitled to compensation for their services; and if you find from the evidence that the plaintiff, Wilson, did pay to the defendants $250 or any other sum as commission for making such sale, then the plaintiff is entitled to recover back said sum so paid in addition to the said sum of $1,000."

There are so many objections to this instruction that all of them must be passed by, except that contained in the middle paragraph. Notwithstanding the word "further," the effect of the instruction is that even if the first contract was still in force and the second purchaser bought from the first, with the knowledge and assent of Wilson, yet he should recover as money had and received to his use $1,000, whether appellants ever received it or not. The word "deceived," in the first paragraph is too vague in its application to qualify the second paragraph.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*